## FERRY *a.* THE BANK OF CENTRAL NEW YORK.

*Supreme Court, Fifth District; Special Term, December,* 1858.

### ORDER.—APPEAL.—ENLARGEMENT OF TIME.

An order made by the court at special term, provided that the plaintiff might discontinue the action, and in case he elected to do so within twenty days, and served notice thereof on the plaintiff's attorney, the defendants were required, among other things, to stipulate to answer in a new action; and if they refused to do so, leave was given to the plaintiff to take judgment in the present action. The plaintiff instead of discontinuing and serving a notice thereof, appealed to the general term, where the order was affirmed after the twenty days had elapsed.

*Held,* 1. That he was not bound to discontinue the action by entry of an order; but service of a notice of his election to do so would have been a compliance with the condition.

2. That it was too late notwithstanding the appeal to serve such notice after expiration of the time limited for it.

An appeal from an order granting to the party appealing a favor, does not operate to enlarge the time within which the favor is limited.[*]

Motion for judgment.

This action was commenced against the defendant to procure its dissolution, and the distribution of its property among creditors and stockholders, on the ground of its alleged insolvency, pursuant to the provisions of sections 39–41 of the article of the Revised Statutes, entitled " Of proceedings against corporations

---

[*] Compare Ford *a.* David, 1 *Bosw.*, 569.

in equity." (2 *Rev. Stats.*, 461.) A receiver of the defendant's property was appointed, and it was enjoined from doing any further business, by an order of the court made in October, 1857, which order the defendant moved to vacate at a special term held in January, 1858, and also at the same time moved for leave to answer and defend the action. This motion to vacate the receivership and the injunction was granted, and the defendants had leave to answer within twenty days on payment of the costs of the motion (15 *How. Pr. R.*, 445), and it was further provided by the order of the January special term, " that the said plaintiff be and he is at liberty to discontinue this action, and in case he elects so to do within twenty days, and serves notice thereof on the defendant's attorney, then the defendant is required" (among other things) " to stipulate to answer any complaint which shall within thirty days thereafter be served on the defendant at the suit of the plaintiff and James Rockwell, for the recovery of their claim and demand," &c. (describing it), " and to refer said action for trial and decision to said Othniel S. Williams as sole referee; and in case the said defendant omits or declines to comply with the requirements above imposed, in the event of the discontinuance of this action by the plaintiff, this action may proceed to judgment as for the want of an answer, and the defendant shall not be permitted to answer the complaint, and any answer which may have been put in shall be stricken out."

On the 4th of February, 1858, a copy of this order was served upon the plaintiff's attorneys, and on the 13th of the same month the plaintiff appealed from the order to the general term. On the 22d of February, the defendant tendered his answer and the costs of the motion. The appeal was argued at the general term held at Syracuse in July, 1858, and on the 24th of August, 1858, an order affirming the order appealed from was entered and served upon the plaintiff's attorneys. On the 13th of September the plaintiff's attorneys served a notice that " the plaintiff elects to discontinue this action pursuant to the liberty granted for that purpose by the order of this court made at the special term thereof held, &c., and affirmed on appeal by the general term, and upon the terms and conditions specified," &c., and requiring compliance on the part of the defendant with the terms imposed upon it. The defendant, not having served the

stipulation to answer in, and refer, the other suit mentioned in the order made in January, within twenty days after notice of such election, the plaintiff, upon papers showing all of the matters above referred to, moved at special term to strike out the answer and for judgment, as provided for in the order of January, in case of the defendant's default in complying with its terms.

*M. H. Throop,* for the plaintiff, contended.—I. That the order did not require an actual discontinuance, but only notice of election to discontinue.

II. That upon such notice being served, it was the defendant's duty to serve the stipulation specified in the order within twenty days. (*Rule,* 57.)

III. That the plaintiff was at liberty to elect to discontinue within twenty days after service of the order of affirmance. In support of the last proposition the counsel referred to Rules 40 and 48, which, he said, treated appeals from orders as non-enumerated motions made in term time, and contended that the effect of an affirmance, so far as this question was involved, was to reiterate and renew at general term the order made at special term.

*George W. Smith,* for the defendant, contended.—I. That to entitle the plaintiff to derive any benefit from the order of the January term, he must enter an order discontinuing the suit.

II. That the time within which the plaintiff was permitted to elect to discontinue expired twenty days after the service of the special term order, and that he had no right to elect within the same, or any time after the affirmance by the general term.

MULLEN, J.—The order granted in January, 1858, swept away every thing that had been done in the suit up to that time. The bank having, in the moving papers, denied many of the most material allegations in the complaint, and prayed leave to come in and defend, permission to answer was granted by the order referred to.

But the court having restored the bank to its directors, it was very proper to provide that the plaintiff should be permitted to discontinue his suit. Twenty days were allowed him in which

to determine whether he would elect to discontinue, and to serve a notice of his election on the defendant's attorney. A notice of plaintiff's election to discontinue was enough.

This notice was served on the 13th of September last. The order, under which it was served, was made the 21st of January, and a copy served on the plaintiff's attorneys on the 4th of February. The notice of election was not served within twenty days from either of those dates, and unless the appeal operated to extend the time, or to stay the running of the time, then the right to elect was gone, and the duty imposed on the defendant by the order of January, in the event of the plaintiff's electing to discontinue, never attached.'

The Code makes no provision as to the effect of an appeal from an order. It does provide, however (§ 469), that the former rules and practice, not inconsistent with the provisions of the Code, should continue in force. It was well settled under the old system that an appeal from an interlocutory order, did not operate as a stay of proceedings. (1 *Barb. Ch. Pr.*, 392, 393.) There is a great difference of opinion among the judges on this question, which prevents their opinions from being taken as authority on either side of the question, and preferring, as I do, to follow a well-settled rule of practice, rather than to go in pursuit of new ones, I am constrained to hold that an appeal from the order in this case did not operate as a stay.

But if it should be held to operate as a stay, it surely could not enlarge the time within which the plaintiff was bound to notify defendant of his election; to give such an effect to an appeal would be holding out a premium for disobedience to orders.

The order of the 21st of January, allowing plaintiff to discontinue, not only without costs, but entitling him to costs from the defendant, was obviously granted as a fair equivalent for the discontinuance of what might be deemed an unnecessary litigation, as the order virtually disposed of the whole merits of the action. The plaintiff was not willing to accept the terms offered, rejected the conditions, and sought by appeal to overturn the order. He fails in the appeal, and now comes in and asks that he be permitted to derive all the benefit of the order, that he would have done if he had not appealed, but served his notice of election to discontinue within the time specified in the

rule.  This I think he cannot do.  The terms granted, and imposed by the order were granted, not as matters of right, but of favor, and not having been accepted, the plaintiff cannot now demand them as matter of right.

It was only in the event that plaintiff gave defendant notice of his election to discontinue, that the duty to pay costs, &c., &c., was imposed on the defendant.  No such notice having been served in conformity with the rule, all that part of the order from the close of the first paragraph in folio 113 to the end of the order becomes wholly inoperative.

The cause seems to be at issue on complaint and answer, and it can now only be terminated by a trial of the issue, or a voluntary discontinuance.

For these reasons the motion is denied, but without costs to either party.